# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SHEDRICK SPAULDING, )
)
    Petitioner, )
)
v. ) Case No. CV408-215
)
SHERIFF AL ST. LAWRENCE, )
CHATHAM COUNTY JAIL, )
)
    Respondents. )

## REPORT AND RECOMMENDATION

Before the Court is petitioner Spaulding's form application for habeas corpus relief as well as a motion to proceed *in forma pauperis*. (Docs. 1, 2.) Because he has demonstrated that he is unable to pay the filing fee, leave to proceed in forma pauperis is **GRANTED**. Nevertheless, as it plainly appears from the face of his petition that he has failed to exhaust available state remedies, the petition should be summarily **DISMISSED** without prejudice.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." See O'Sullivan v. Boerckel, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The forms Spaulding has used to petition this Court were drafted to assist petitioners seeking state habeas relief within the superior court system of the state of Georgia. Nonetheless, within the application for writ of habeas corpus, Spaulding states that he did not file a direct appeal of his October 2008 conviction and that he has filed no other petitions, applications, or motions with respect to the conviction. (Doc. 1 at 1-2.) Accordingly, by his own

admission, he has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court.[1]

As it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.[2]

**SO REPORTED AND RECOMMENDED** this  15th  day of December, 2008.

/s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

---

[1] It is conceivable that Spaulding completed the paperwork with the intention of seeking state habeas relief (and not federal habeas relief) and that he mistakenly mailed the forms to the District Court instead of the appropriate superior court. The Court, however, is without sufficient information to make that determination. Regardless of his intentions, the requisite outcome—dismissal of his petition—is the same.

[2] The Court advises petitioner that the filing of this premature federal habeas petition does not serve to toll the one-year statute of limitations for filing §2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Only "a properly filed application for State post-conviction or other collateral review" tolls the statute. 28 U.S.C. § 2244(d)(2).